*The final accounting in the Estate of* SAMUEL WEBB.

WHERE W. was divorced from his wife by the Supreme Court of this State, and forbidden to re-marry, but went to reside in New Jersey, and re-married there, and returned hither and died, leaving a widow and children of the second marriage.—*Held,* that the second marriage was valid, and the widow and children of that marriage entitled to the sum and personal property to be set apart under our statutes.

The interest which the first wife had in her husband's personal property had been liquidated in the shape of alimony ordered paid to her by the Supreme Court during the life of the testator.

J. F. MALCOLM, *for Executor.*

THE SURROGATE. The marriage between the testator and his first wife was dissolved by a decree of the Supreme Court of this State, upon the complaint of the wife, for the cause of the husband's adultery. The testator then established his residence in the State of New Jersey, and while residing there contracted a marriage with the present claimant. Of this marriage two children were born, who are still minors, and who, together with the wife, survive him. After the second marriage the intestate returned to this city, where he died.

The widow of the second marriage claims the sum of $150 to be set apart for her and her minor children. This claim is submitted by the executor to the decision of the Surrogate.

In accordance with the provisions of the statute of this State, the testator, upon the dissolution of his first marriage, was forbidden to marry again, during the lifetime of his first wife. What effect did that prohibition have upon the validity of the second marriage, solemnized in New Jersey; and upon the personal property situated in this State?

The English decisions all are, that a foreign marriage, valid according to the law of the place where celebrated, is valid everywhere else. (*Ryan* v. *Ryan,* 2 *Phill. Eccl.*

*R.*, *p.* 332; *Hubert* v. *Hubert*, 2 *Hagg. Eccl. R.*, *p.* 263; *Lacon* v. *Hykin*, 3 *Stark. R.*, *p.* 178.) And marriage contracts are regarded by our Courts as valid, if entered into according to the laws of the place where the marriage took place, except perhaps, where such a recognition would be prejudicial to the rights of our own citizens, or to good morals. This probably is the only rule that can be established with a due regard to international and interstate comity. Under any other, great mischief and inconvenience would arise from questions bearing upon legitimacy, succession, and similar rights and interests, growing out of the marriage relation. The law of the place of contract is therefore to be regarded, unless resort has been had to a foreign State, in order to evade the operation of the law of the place of domicil. In some States, even this exception has not been regarded, and marriages clearly in disregard of their own laws have been upheld.

I do not here feel called upon to decide how far a fraudulent attempt at evasion of the laws of this State, by going into an adjoining State to contract a marriage, would be tolerated by our Courts, as it does not affirmatively appear that such an evasion was intended or took place in the present case.

The prohibition under our statute, against re-marriage, upon an absolute divorce, is of a personal nature, and could only affect re-marriage solemnized in this State. It did not prevent the testator from taking up his abode in another State, nor from marrying again, according to the laws of that State where he was a resident. The penal laws of one State can have no operation beyond its boundaries. (*Scovill* v. *Canfield*, 14 *John. R.*, *p.* 338; *Story on Conflict*, § 620.)

The second marriage being valid, the claimant is entitled, as widow, to the personal property to be set apart for the family of the testator, under our statute, and to the additional personal property to the value of

$150, and will be entitled to her distributive share. The interest which the first wife had in her husband's personal property has been liquidated in tne shape of alimony ordered paid to her by the Supreme Court, during the life of the testator.